The Honorable Henry M. Helgerson, Jr. State Representative, 86th District 4009 Hammond Drive Wichita, Kansas 67218-1221
Dear Representative Helgerson:
As representative for the eighty-sixth district you request our opinion regarding a motor vehicle fee registration issue. You specifically ask whether "county treasurers [are] authorized to charge an additional $2 fee per motor vehicle registration when registrants use a satellite' registration facility."
The registration fees allowed to be collected by the treasurer are very specifically set forth in the statutes: K.S.A. 1995 Supp. 8-143; K.S.A. 8-143b; 8-143c; 8-143g; 8-143h; 8-143i; K.S.A. 1995 Supp.8-143j; K.S.A. 8-143k; 8-167; 8-172; 8-195. Additional fees are allowed in certain situations: K.S.A. 8-129(a)(2) (registration by mail); 8-145c (penalty for recovery of plates taken for non-payment); K.S.A. 1995 Supp. 8-143(b) and (c) (penalty for late payment of fee); 8-145d (service fee). There is no authority for assessing an additional fee when registering at a satellite facility.
Further, we do not believe that the county may, pursuant to home rule powers, impose such additional fees on the use of "satellite" registration facilities. K.S.A. 19-101a grants to counties home rule powers in the performance of "local legislation" with certain limitations. One such limitation is that counties are subject to all acts of the legislature which apply uniformly to all counties. K.S.A. 19-101a (a) (1), as amended by L. 1996, ch. 68, § 2. We find nothing in the vehicle registration statutes that would render them non-uniform. See Blevins v. Hiebert,247 Kan. 1, 11 (1990); Attorney General Opinions No. 94-16; 93-80; 80-88. Because the statutes are uniform, a county may only enact non-conflicting resolutions dealing with vehicle registration fees, and may be further limited if the statutes are found to show a legislative intent to occupy the field of vehicle registration fees. McCarthy v. City of Leawood,257 Kan. 566 (1995).
One test for determining whether a conflict exists is whether the county action permits or licenses that which the statute forbids, or prohibits that which the statute authorizes. McCarthy, 257 Kan. at 577, quoting City of Junction City v. Lee, 216 Kan. 495, 501 (1975). K.S.A. 1995 Supp. 8-145(b), as amended by L. 1996, ch. 260, § 4, specifically provides for the collection, deposit and appropriation of fees "for the use of the county treasurer in paying for necessary help and expenses incidental to the administration of duties in accordance with the provisions of this law and extra compensation to the county treasurer for the services performed in administering the provisions of this act. . . ." The statute proceeds to specify the formula for determining the maximum amount of additional compensation allowed for performing the duties associated with vehicle registration. The statute then provides:
 "The total amount of compensation paid the treasurer together with the amounts expended in paying for other necessary help and expenses incidental to the administration of the duties of the county treasurer in accordance with the provisions of this act, shall not exceed the amount deposited in such special fund."
Further, K.S.A. 1995 Supp. 8-145d provides for a service fee to add to the amount a county treasurer may deposit in this special fund for use to pay for expenses incurred in administering the vehicle registration statutes.
While it may be argued that establishment or operation of a satellite facility is not required by the act, and fees to defray the costs associated with such establishment and operation are therefore not covered by the act, we believe the language of K.S.A. 1995 Supp. 8-145(b) and 8-145d would conflict with any attempt by a county to assess additional fees for the costs associated with registration of motor vehicles. Not only do the statutes allow fees to be assessed in certain amounts, they limit the total amount to be appropriated for performance of vehicle registration duties.
Further, while there is no express language in the vehicle registration statutes preempting the field, there is evidence of an intent to occupy the field which a court may view as a conflict between any county legislation in this area and the statutes. See Clark, State Control of Local Government in Kansas: Special Legislation and Home Rule, 20 Kan. Law Rev. 631, 673 (1972). Vehicle registration is a state program that requires uniformity in application. The fees to be assessed and the municipal interest in recovering costs for administering the program are specifically addressed by the statutes in a comprehensive way.
In conclusion, in the absence of statutory authorization, county treasurers may not charge an additional $2 fee per motor vehicle registration when registrants use a "satellite" registration facility. Because the registration fee statutes are uniform and a resolution allowing additional fees would be in conflict therewith, counties may not alter this conclusion by home rule.
Very truly yours,
 CARLA J. STOVALL Attorney General
 Julene Miller Assistant Attorney General
CJS:JLM:jm